# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

KEVIN S. EPPERSON,                          :
                                            :
          Plaintiff,                        :
                                            :
                                            :
          v.                                : Civ. No. 18-1618-CFC
                                            :
SGT. WILFRED BECKLES, et al.,               :
                                            :
          Defendants.                       :
                                            :

---

Kevin S. Epperson, SCI Somerset, Somerset, Pennsylvania, Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**


May 10 , 2019
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

## I.   INTRODUCTION

Plaintiff Kevin S. Epperson ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, now housed at SCI Somerset, Somerset, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) The Complaint also raises a supplemental defamation claim. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6) He has filed an Amended Complaint and a motion to amend. (D.I. 5, 8) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.   BACKGROUND

On September 5, 2018, Defendant Sgt. Wilfred Beckles ("Beckles") authored a disciplinary report that Plaintiff had allegedly assaulted inmate Gary Campbell ("Campbell") in the E Building at VCC. (D.I. 3-1 at 14) The report was approved by Defendant Kevin Lorick ("Lorick"). (*Id.*) Plaintiff alleges that Campbell was manipulated by other inmates to provide false information. (D.I. 3 at 8) Plaintiff was issued a disciplinary report for assault and Lorick concluded that the offense could be properly responded to by a disciplinary hearing. (D.I. 3-1 at 14) Plaintiff was removed from E Building to pre-hearing detention, a higher security area. (*Id.* at 19)

Plaintiff was served with the notice of disciplinary hearing and pled not guilty. (D.I. 3-1 at 15) He was found not guilty at the September 12, 2018 disciplinary hearing.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

(*Id.* at 18) The rational was "No evidence of assault occurred. It is I/M's word vs another I/M's word." (*Id.*) Plaintiff alleges that it "still looks like he is guilty because he is not allowed to be around or on the same tier as Campbell." (D.I. 3 at 10)

Planitiff was issued a second disciplinary report authored by Defendant Staff Lt. John Goldman ("Goldman") for giving a false alarm when Plaintiff allegedly called the PREA hotline while impersonating Campbell and starting a PREA investigation. (D.I. 3-1 at 21) Plaintiff was also charged with lying about making the telephone call to the PREA hotline and for failing to obey for committing the offenses of false alarm and lying. (D.I. 3-1 at 21) A disciplinary hearing was held on September 10, 2018, and Plaintiff was found guilty. (*Id.* at 22) He was sanctioned to loss of all privileges for thirty days. (*Id.*) He appealed and the finding of guilt was affirmed. (*Id.* at 23) The appeal report was reviewed by Defendant Randall Dotson ("Dotson") on September 25, 2018. (*Id.*)

Plaintiff, who had been housed in E Building and transferred to B Building sought to return to E Building. (D.I. 3-1 at 2) He alleged that the investigation of the assault was illegal because it delayed him from going to the E Building program to start a program to which he had already been classified. (*Id.* at 10, 19) Plaintiff alleges that his counselor, Defendant DiGiangi ("DiGiangi") illegally delayed group therapy treatment after he was found not guilty of assault. (D.I. 3 at 5) Plaintiff alleges that DiGiangi told Plaintiff that he would be placed in group therapy with the Georgetown people who were transferred to the VCC. (D.I. 3-1 at 28) Plaintiff states that DiGiangi was supposed to call the transfer office and have Plaintiff return to the E Building for the next group session. (*Id.*) Plaintiff states that was found "not guilty," and DiGiangi is listening to hearsay and is not supposed to hold anything against him. (*Id.* at 32)

Sometime between September 28, 2018, and October 15, 2018, Plaintiff was transferred from B Building to V Building. (D.I. 3-1 at 32-33) He alleges that since the transfer, Defendant Counselor Watkins ("Watkins") falsified information about Plaintiff's termination from group therapy. (*Id.*) Plaintiff alleges that he was told by two Connections' counselors that he was not terminated from group therapy and he was supposed to be moved back to E Building. (*Id.*)

Plaintiff filed grievances on the issue of his housing assignment, that Dotson gave an illegal decision when he affirmed the finding of guilt on September 25, 2018, and that he was supposed to be placed in group counseling. (*Id.* at 2-13, 17, 19-20, 24-35) In February 2019, Plaintiff was transferred to SCI Somerset in Somerset, Pennsylvania. (D.I. 12) Plaintiff seeks injunctive relief to stop VCC "staff from falsifying information and documents to punish [him] from [participating in the] treatment program" while Campbell is in B Building and to stop VCC staff from defaming.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of*

3

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court

4

concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

5

## IV.    DISCUSSION

### A.    False Disciplinary Report

Plaintiff alleges his constitutional rights were violated when he received false disciplinary reports.  The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002).  Plaintiff does not allege that he was denied a hearing.  Indeed, the allegations are that disciplinary hearings were held on both of the disciplinary reports received.  Plaintiff was found not guilty at one hearing and guilty at the other.  There are no factual allegations of wrongdoing that rise to the level of a constitutional deprivation in order to support a claim of false disciplinary charges.  Accordingly, the claims will be dismissed against all named defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B.    Housing Assignment

Plaintiff alleges that he was wrongfully transferred to a higher security classification during the assault investigation and this resulted in his inability to participate in a treatment program to which he had been classified.

In essence, Plaintiff alleges a violation of his right to due process because he was transferred to a higher security classification during investigation of the assault charges brought against him when he was later found not guilty of charges.  The Complaint does not discuss the guilty finding of other charges brought against Plaintiff and the thirty-day sanction loss of all privileges.

6

In reviewing an alleged due process violation, it must be determined whether the alleged violation implicates a constitutionally protected property or liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). "Liberty interests protected by the Fourteenth Amendment may arise from two sources-the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). In a prison setting, states may create protected liberty interests. These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484 (internal citations omitted). Neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. *See* 11 Del. C, § 6529(e). Moreover, "'[a]s long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt*, 459 U.S. at 468 (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

It has thus been determined that the transfer of a prisoner from one classification is unprotected by the Due Process Clause in and of itself, even though the change in status involves a significant modification in conditions of confinement. *See Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 ); *see also Lott v. Arroyo,* 785 F .Supp. 508, 509 (E.D. Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work

7

release program). As Plaintiff alleges, because he was transferred from B Building he could no longer participate in the group treatment program for which he had been classified. Regardless, the transfer from one classification to another did not violate Plaintiff's due process rights. Accordingly, the decision to transfer Plaintiff from the B Building cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution." Finally, "maintaining institutional security and preserving internal order and discipline" are the central goals of prison administration and the prison administration may house Plaintiff where it deems necessary. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The Court has no authority to dictate Plaintiff's housing assignment.

Plaintiff's claims have no arguable basis in law or in fact and, therefore, the claims will be dismissed against all named defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Supplemental Claim

Plaintiff attempts to raise defamation claims under Delaware law. Because the Complaint fails to state a federal claim, the Court declines to exercise jurisdiction over Plaintiff's supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

### D. Motion for Leave to Amend

Plaintiff commenced this action with a Complaint and then filed an Amended Complaint. (D.I. 3, 5) Next, he filed a second amended complaint without leave, construed by the Court as a motion for leave to amend. (D.I. 8)

8

Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*,722 F. App'x 262, 265 (3d Cir. 2018) (quoting *Shane*, 213 F.3d at 115). In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015) (internal quotation mark omitted).

Plaintiff's proposed amendment provides additional facts. Those facts, however, do not change the Court's analysis that the claims are not cognizable. Amendment is futile. Therefore, the Court will deny Plaintiff's motion for leave to amend. (D.I. 8)

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous and pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and (2) deny Plaintiff's motion for leave to amend (D.I. 8). Amendment is futile.

An appropriate order will be entered.

9