IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN S. EPPERSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-1618-CFC |
| SGT. WILFRED BECKLES, et al., | : |
| Defendants. | : |

**MEMORANDUM**

**I. INTRODUCTION**

Plaintiff Kevin S. Epperson ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, now housed at SCI Somerset in Somerset, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) On May 10, 2019, the Court screened and dismissed the Complaint. (D.I. 14; D.I. 15) Plaintiff appealed and following dismissal of the appeal filed a motion for relief pursuant to Fed. R. Civ. P. 60(b)(4). (D.I. 24) He also seeks my recusal. (D.I. 25)

**II. BACKGROUND**

Plaintiff's Complaint claims regarding false disciplinary charges, wrongful transfer to a higher security classification, and defamation claim under Delaware law. (D.I. 14; D.I. 15) On May 10, 2019, the Court dismissed this action as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) and declined to exercise jurisdiction of the supplemental state claim. Upon dismissal Plaintiff appealed. (D.I. 18; D.I. 20) On August 15, 2019, the appeal was dismissed for Plaintiff's failure to pay the required filing

1

fee. (D.I. 23) On September 11, 2019, Plaintiff filed a motion for pursuant to Fed. R. Civ. P. 60(b)(4) and a motion for my recusal. (D.I. 24; D.I. 25)

## III. RULE 60(b)(4)

### A. Legal Standards

Federal Rule of Civil Procedure 60(b)(4) provides relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment can be void on two grounds: (1) if the rendering court lacked subject matter jurisdiction; or (2) if it acted in a manner inconsistent with due process of law. *Mauro v. New Jersey Supreme Court*, 238 F. App'x 791, 793 (3d Cir. 2007). A Rule 60(b)(4) motion on the grounds that a judgment is void may be brought at any time. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) (en banc).

### B. Discussion

Plaintiff seeks Rule 60(b)(4) relief on the grounds that he raised a guaranteed due process right and defamation claim based upon harm to his reputation. (D.I. 24 at 4) Plaintiff contends that defamation is a due process claim because it deprived him of a liberty interest in his reputation, and he alleges stigma to his reputation. (*Id.*) Plaintiff argues that amendment was not futile. (*Id.* at 7) Plaintiff goes on to make a lengthy argument why the complaint should not have been dismissed. (*Id.* at 1-24) He also submits documents relating to his criminal conviction in State Court which have no bearing on the instant case.

Relief is not appropriate under Rule 60(b)(4). First, this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. In addition, there were no violations of

2

Plaintiff's right to due process. "It is well settled that an 'elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *See United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 270-71 (2010).

The court docket indicates that Plaintiff filed his Complaint, and it was screened by the Court as required by the Prison Litigation Reform Act. Upon dismissal of the complaint, Plaintiff was provided with a copy of the memorandum opinion and order as evidenced of his timely filing of a notice of appeal. (*See* D.I. 14; D.I. 15; D.I. 18) Nothing on the court docket indicates that the notice was defective. To the contrary, Plaintiff's notice of appeal is evidence there was proper notice.

Finally, Plaintiff's position that the alleged defamation is a due process claim that deprived Plaintiff of a liberty interest in his reputation is seemingly an attempt to conflate two legal theories – defamation and due process. Plaintiff's defamation claim arises solely under state law. It is well established that neither verbal abuse nor defamation of a prisoner is not actionable under 42 U.S.C. § 1983. *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("defamation is not a deprivation of liberty within the meaning of the due process clause.").

Plaintiff has not demonstrated this Court's judgment is void under Rule 60(b)(4). Therefore, the motion for Rule 60(b)(4) relief will be denied. (D.I. 24)

3

## IV. RECUSAL

Plaintiff moves for my recusal and disqualification pursuant to 28 U.S.C. § 144, on the grounds that I have "shown an impartiality which might be reasonably questioned." (D.I. 25) The motion for recusal also includes relief under Fed. R. Civ. P. 60(b)(4), discussed above. (*Id.* at 11-13)

Plaintiff submitted a combined motion and affidavit to support his motion for disqualification under § 144. Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." In Plaintiff's affidavit he states that I provided him "false misleading information from the inception through [the] appeal process." (D.I. 25 at 4) He argues that his timely post-decision motion, attachments, exhibits, and affidavit establish his right to relief. The combined affidavit and motion rehashes and reargues the order that enjoins Plaintiff from filing in State Court without first obtaining permission and the memorandum and order I entered in Civ. No. 18-1271-CFC.

As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). The United States Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). An affidavit is legally sufficient if the facts alleged therein:

4

sufficiency of the affidavit, not the truth of the assertions. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). An affidavit is legally sufficient if the facts alleged therein: (1) are "material" and "stated with particularity," (2) "would convince a reasonable person that a bias exists," and (3) evince bias that "is personal, as opposed to judicial, in nature." *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Here, it is evident that Plaintiff's allegations of bias consist of subjective conclusions and disagreements with this Court's legal rulings in this and other cases wherein Plaintiff is a party. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations). The Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). ,

Plaintiff has not met the requirements of § 144 and, therefore, his motion for recusal under 28 U.S.C. § 144 will be denied.

**V.  CONCLUSION**

For the above reasons, the Court will: (1) deny the motion for relief under Rule 60(b)(4) (D.I. 24); and (2) deny the motion for recusal and disqualification (D.I. 25).

An appropriate order will be entered.

                                                                    _____
                                                      UNITED STATES DISTRICT JUDGE

October 30, 2019
Wilmington, Delaware

5