IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN S. EPPERSON, :
:
        Plaintiff, :
:
v. : Civ. No. 18-1618-CFC
:
SGT. WILFRED BECKLES, et al., :
:
        Defendants. :

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Kevin S. Epperson ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, now housed at SCI Somerset in Somerset, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) On May 10, 2019, the Court screened and dismissed the Complaint. (D.I. 14; D.I. 15) Plaintiff appealed and following dismissal of the appeal filed a motion for relief pursuant to Fed. R. Civ. P. 60(b)(4) and a motion for my recusal. (D.I. 18; D.I. 20; D.I. 23; D.I. 24; D.I. 25) The motions were denied on October 30, 2019. (D.I. 26; D.I. 27) Plaintiff appealed their denial and also filed two motions for relief pursuant to Fed. R. Civ. P. 60(b)(4). (D.I. 29; D.I. 30; D.I. 32)

**II.    BACKGROUND**

The complaint alleges false disciplinary charges and wrongful transfer to a higher security classification as well as defamation under Delaware law. (D.I. 3, D.I. 14; D.I.

1

15) On May 10, 2019, the Court dismissed this action as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) and declined to exercise jurisdiction over the supplemental state claim. Plaintiff appealed. (D.I. 18; D.I. 20) On August 15, 2019, the appeal was dismissed for Plaintiff's failure to pay the required filing fee. (D.I. 23) On September 11, 2019, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 60(b)(4) and a motion for my recusal, both denied on October 30, 2019. (D.I. 24; D.I. 25; D.I. 26; D.I. 27) In early November 2019, Plaintiff appealed the October 30, 2019 decision and filed two motions for relief pursuant to Fed. R. Civ. P. 60(b)(4). (D.I. 29; D.I. 30; D.I. 32)

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b)(4) provides relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment can be void on two grounds: (1) if the rendering court lacked subject matter jurisdiction; or (2) if it acted in a manner inconsistent with due process of law. *Mauro v. New Jersey Supreme Court*, 238 F. App'x 791, 793 (3d Cir. 2007). A Rule 60(b)(4) motion on the grounds that a judgment is void may be brought at any time. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) (en banc).

## IV. DISCUSSION

In the Rule 60(b)(4) motion found at Docket Item 29, Plaintiff seeks relief on the grounds that his civil rights were violated under the "state law" of defamation. (D.I. 29) In the Rule 60(b)(4) motion found at Docket Item 30, Plaintiff seeks relief on the grounds that his motion for my recusal should have been granted. (D.I. 30)

Relief is not appropriate under Rule 60(b)(4). This Court thoroughly reviewed Plaintiff's complaint and dismissed the civil rights claim based upon well-established law that verbal abuse or defamation of a prisoner is not actionable under 42 U.S.C. § 1983. *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("defamation is not a deprivation of liberty within the meaning of the due process clause."). Because the Complaint failed to state a federal claim, the Court declined to exercise jurisdiction over Plaintiff's supplemental state law claims. (*See* D.I. 14 at 9) In addition, I thoroughly addressed Plaintiff's motion for my recusal in the October 30, 2019 memorandum and order and found no basis for recusal. (D.I. 26; D.I. 27)

The Third Circuit has stated that a judgment or order may be void if the rendering court lacked jurisdiction over the subject matter or the parties or acted outside the powers granted to it by law. *Marshall v. Bd. of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978) (internal citations and quotations omitted). However, a judgment or order is not void merely because it is erroneous. *Id*. Plaintiff does not contend that Court was without power to issue its orders. He simply disagrees with their outcomes.

Plaintiff has not demonstrated this Court's judgment(s) or order(s) is/are void under Rule 60(b)(4). Therefore, the motions for Rule 60(b)(4) relief will be denied. (D.I. 29; D.I. 30)

## V. CONCLUSION

For the above reasons, the Court will deny the motions for relief under Rule 60(b)(4). (D.I. 29; D.I. 30)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

January 21, 2020
Wilmington, Delaware